UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-6597-GHK (DTBx) | | Date | November 23, 2009 |
|---|---|---|---|---|
| Title | *Jesus Mejia v. Tenn-Cal Transportation, LLC, et al.* | | | |

| **Presiding: The Honorable** | **GEORGE H. KING, U.S. DISTRICT JUDGE** | |
|---|---|---|
| Beatrice Herrera | N/A | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| (none) | (none) |

**Proceedings:**     **(In Chambers) Order to Show Cause**

On September 11, 2009, Plaintiff Jesus Mejia ("Plaintiff") filed the above-captioned Complaint against Defendants Tenn-Cal Transportation, LLC and John D. Pruett, Jr. ("Defendants"). The Complaint did not allege the citizenship of these Parties. On September 22, 2009, we issued an Order to Show Cause ("OSC") to Plaintiff, requesting facts sufficient to establish the citizenship of both Defendants. In Plaintiff's timely filed Response to the OSC, he merely stated that "Defendants are residents of the state of Tennessee." (Resp. to OSC 2). This is insufficient to assist us in reaching a decision as to whether we have subject matter jurisdiction. Now that Defendants have been properly served and have entered appearances, we direct the following Order to Show Cause to them.

As a court of limited jurisdiction, *see Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994), we must determine the issue of subject matter jurisdiction before reaching the merits of a case. *See Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998). When a case does not arise under federal law, we have original jurisdiction only when there is "diversity of citizenship." 28 U.S.C. § 1332. An action may be filed in federal court based on diversity jurisdiction where the civil action is between citizens of different states, and the amount in controversy exceeds $75,000. *Id.*

**I.     Limited Liability Company Citizenship**

The Complaint does not properly indicate the citizenship of the limited liability company parties. "For purposes of diversity jurisdiction, the citizenship of a limited liability company is determined by the citizenship of its members." 15 Martin H. Redish, *Moore's Federal Practice* § 102.57[8] (3d ed. 2007); *see also Johnson v. Columbia Properties Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006) ("[A]n LLC is a citizen of every state of which its owners/members are citizens."). We require evidence of the citizenship of every member of each limited liability company party.

Often, at least one member of a limited liability company is itself a business entity. If that is the case, we require information of that business's citizenship under the proper rule for that particular type

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-6597-GHK (DTBx) | Date | November 23, 2009 |
|---|---|---|---|
| Title | *Jesus Mejia v. Tenn-Cal Transportation, LLC, et al.* | | |

of entity.  *See* 15 Martin H. Redish, *Moore's Federal Practice* §§ 102.56–102.57.  If any member is incorporated, then we require information, for each of the top five states in which that member conducts business, in at least the following categories: (1) the number of employees it has in each state; (2) the percentage of its sales originating in each state; (3) the percentages of its assets held in each state.  We also require the location of the member's headquarters, but we will revert to the use of the 'nerve center' test only if the response information shows that the member's operations do not predominate in a single state.  *See Tosco Corp. v. Cmtys. for a Better Env't*, 236 F.3d 495, 500 (9th Cir. 2001).

## II.     Individual Citizenship

The other named Defendant in this action is an individual.  An individual's citizenship is determined by the state where a natural person is domiciled, and a person may only have one domicile at a time.  *Gaudlin v. Remis*, 379 F.3d 631 (9th Cir. 2004).  Domicile is not merely someone's state of residence.  "A person's domicile is her permanent home, where she resides with the intention to remain or to which she intends to return."  *Lew v. Moss*, 797 F.2d 747, 749 (9th Cir. 1986).  Therefore, a person residing in a given state is not necessarily domiciled there, and thus is not necessarily a citizen of that state.  *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001).

In order to properly determine individual citizenship and whether diversity jurisdiction exists, Defendant must provide information as to the place of domicile for each party who is a natural person, including himself and Defendant John D. Pruett, Jr.

## III.    Order

While the party seeking to establish jurisdiction bears the burden of proving such, *see Kokkonen*, 511 U.S. at 377, here, both the Complaint and Plaintiff's Response to our prior OSC are insufficient to do so.  Therefore, Defendants are **ORDERED TO SHOW CAUSE**, in writing, **WITHIN twelve (12) days**, as to why this matter should not be dismissed because this court lacks subject matter jurisdiction.  Defendants **SHALL** provide information pertaining to the citizenship of both Tenn-Cal Transportation, LLC and John D. Pruett, Jr., under the standards outlined above.

**IT IS SO ORDERED.**

:

Initials of Deputy Clerk     IR for Bea